Bartlett, J.
—Neither party to this action was satisfied with the conclusions reached by the court below; but after reading the whole of the testimony given upon the trial, we are convinced that the judgment was right and should be affirmed for the reasons stated in the well-considered opinion of Mr. Justice Rumsey.
We do not deem it necessary to add to what he has said, save in respect to the point made in behalf of the defendant, that it was error to allow the plaintiff to give testimony herself upon the allegation of adultery set up by way of counter-claim in the answer, and denied in the reply.
It is certainly the fact that Mrs. De Meli did testify to her innocence of the charge of adultery, but it is plain that she *292 was permitted to do this, not because an issue of adultery was presented by the counter-claim and reply, but because her demand for a separation from her husband was based in part upon the averment in the complaint that he had charged her with adultery without any justification or reasonable or probable cause for the accusation. To show that it was unjustifiablo, it was essential to show that the charge was false, and the testimony under consideration was held to be proper for that purpose.
But even if this was error, a change has been made in the law since the cause was tried, which renders the error unimportant.
Section 831 of the Code of Civil Procedure has been amended so as to permit a husband or wife to testify against the other upon the. trial of an action founded upon an allegation of adultery, not only to prove the marriage, but also to disprove the alleged adultery. Laws of 1887, chap. 103.
Upon a new trial, therefore, if one were ordered because Mrs. De Meli had thus been allowed to testify, the court would be obliged to receive tho same testimony from v \e saíne witness. Under these circumstances, even if the c > jection was well taken, it would be a useless formality t, \ reverse the judgment on this ground.
The judgment should be affirmed, with costs.
Van Brunt, Ch. J., and Macomber, J., concur.